IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.,** | : | |
| a Delaware corporation, | : | |
| 915 Meeting Street, Suite 600 | : | |
| North Bethesda, MD 20852 | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No.: _____ |
| | : | |
| **611 DEGRAW, LLC,** | : | |
| a New York limited liability company, | : | |
| 611 Degraw St. | : | |
| Brooklyn, NY 11217 | : | |
| SERVE: New York Secretary of State | : | |
| One Commerce Plaza | : | |
| 99 Washington Avenue | : | |
| Albany, NY 12231 | : | |
| | : | |
| and | : | |
| | : | |
| **ALEC SHTROMANDEL**, individually | : | |
| 220 Water St., Unit 209 | : | |
| Brooklyn, NY 11201 | : | |
| | : | |
| and | : | |
| | : | |
| **DAREN HERZBERG**, individually | : | |
| 252 W. 30th St. Apt. 14 | : | |
| New York, NY 10001 | : | |
| | : | |
| Defendants. | : | |

## APPLICATION TO CONFIRM ARBITRATION AWARD

**COMES NOW**, the Plaintiff, **CHOICE HOTELS INTERNATIONAL, INC.**, by and through its undersigned counsel, and hereby files its Application to Confirm Arbitration Award seeking confirmation of an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§9 and 13, against Defendants 611 Degraw, LLC, Alec Shtromandel and Daren Herzberg

("Defendants"), and for entry of judgment thereupon.  In support of its Application, Plaintiff avers as follows:

1.  Choice Hotels International, Inc., ("Plaintiff") is a publicly traded company incorporated under the Delaware law with its principal place of business located in North Bethesda, Maryland, and is primarily in the business of franchising hotels domestically and internationally under its trade and brand marks, names and systems, including but not limited to the trade and brand marks, names and systems associated with Ascend Collection®.

2.  Defendant 611 Degraw, LLC is a limited liability company organized under New York law with its principal place of business in Brooklyn, NY.  Based upon information, knowledge, and belief, Defendant 611 Degraw, LLC has no place of business in Maryland or Delaware.  Based upon information, knowledge, and belief, Defendant 611 Degraw, LLC is owned by Rahul Bijlani and by Defendants Alec Shtromandel and Daren Herzberg.  Upon information and belief, the citizenship of Defendant 611 Degraw, LLC's owners is as follows:

    a.  Rahul Bijlani:  Texas.

    b.  Defendant Alec Shtromandel: New York.

    c.  Defendant Daren Herzberg:  New York.

Upon information and belief, none of Defendant 611 Degraw, LLC's owners is employed in or resides in Maryland or Delaware.

3.  Defendant Alec Shtromandel is an individual who at all times relevant to these and underlying proceedings was, and is currently, a citizen of New York.  Based upon information, knowledge, and belief, Defendant Alec Shtromandel is neither employed in nor resides in Maryland or Delaware.

4. Defendant Daren Herzberg is an individual who at all times relevant to these and underlying proceedings was, and is currently, a citizen of New York. Based upon information, knowledge, and belief, Defendant Daren Herzberg is neither employed in nor resides in Maryland or Delaware.

5. Defendants and Plaintiff entered into a Membership Agreement in Maryland, on or about December 23, 2009, (the "Membership Agreement") pursuant to which Plaintiff licensed Defendants to operate a hotel in Brooklyn, NY, utilizing Plaintiff's Ascend Collection® trade and brand names, marks and system (the "Hotel").

6. Choice learned that Defendants had ceased operating the Hotel under the Ascend Collection® brand marks on February 22, 2021, in violation of the terms of the Membership Agreement.

7. Pursuant to §10(b)(2)(b) of the Membership Agreement, loss of possession is grounds for termination upon notice. Accordingly, Plaintiff terminated the Membership Agreement via written notice dated July 30, 2021, and made demand for immediate payment of contractually specified fees, interest, and liquidated damages.

8. Defendants failed to pay the contractually specified fees, interest, and liquidated damages to Plaintiff. Plaintiff initiated arbitration proceedings with the American Arbitration Association against Defendants on or about January 30, 2024, pursuant to the arbitration clause of the parties' Membership Agreement (the "Arbitration Agreement"), seeking resolution of its dispute with Defendants. Specifically, Plaintiff claimed that Defendants materially breached the parties' Membership Agreement by ceasing to operate the Hotel under the Ascend Collection® brand marks, and owed Plaintiff outstanding membership fees and interest, plus liquidated

damages and costs incurred as a result of Defendants' material breach. The parties' Arbitration Agreement states in relevant part:

> …any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement…will be sent to final and binding arbitration before…the American Arbitration Association…in accordance with the Commercial Arbitration Rules of the American Arbitration Association…..The arbitrator will apply the substantive laws of Maryland…. Judgment on the arbitration award may be entered in any court having jurisdiction. If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear. Any arbitration will be conducted at our headquarters office in Maryland.

*See* Pl. Ex. 1, Arbitration clause §21.

9. The arbitration was conducted in accordance with the terms of the parties' Arbitration Agreement, the Commercial Rules of the American Arbitration Association, and the substantive laws of Maryland.

10. Defendant Alec Shtromandel participated in the initial telephonic scheduling conference on behalf of himself and co-Defendants. A scheduling order dated July 18, 2024, was entered. Pursuant to the terms of the scheduling order, the parties filed briefs and supporting papers. On November 7, 2024, counsel for Plaintiff and Defendants, pro se, presented oral argument.

11. After considering the pre-hearing submission of evidence and evidence presented by the parties at the hearing, the arbitrator determined and ruled that the dispute presented for resolution was contemplated by the Arbitration Agreement and thus was properly before AAA for determination in accordance with AAA's Commercial Rules, the Membership Agreement, and Maryland law. The arbitrator rendered his award (the "Arbitration Award") in Maryland, in

accordance with the Commercial Rules of the AAA, the parties' Membership Agreement and Maryland law on January 2, 2025.  *See* Pl. Ex. 2, Arbitration Award.

12. The arbitrator specifically found that Defendants had breached the Membership Agreement and made a monetary award in Plaintiff's favor against Defendants individually, jointly, and severally in the amount of $400,199.55.  *See* Pl. Ex. 2.

13. The Plaintiff now moves this Honorable Court to pass orders confirming the underlying Arbitration Award and to enter judgment thereupon pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9 and 13, the parties' Arbitration Agreement, and based upon complete diversity of parties' citizenship pursuant to 28 U.S.C. § 1332.

14. Federal Courts are courts of limited subject matter jurisdiction granted only by federal statute or the United States Constitution.  Pursuant to 28 U.S.C. § 1332 (a)(1), original federal court subject matter jurisdiction exists over claims between party litigants of completely diverse citizenship and which exceed an amount in controversy of $75,000 exclusive of interest and costs.  In this case, Plaintiff has alleged and Defendants have not contested that Choice is incorporated under Delaware law with headquarters located in North Bethesda, Maryland, that Defendant 611 Degraw, LLC is organized under New York law, that Defendants Alec Shtromandel and Daren Herzberg are citizens of New York, and that there are no other parties to this action which are citizens of Maryland or Delaware.  Further the amount in controversy is $400,199.55 exclusive of interest and costs.  Accordingly, the threshold requirements to establish this Court's diversity jurisdiction over the subject matter of the complaint under 28 U.S.C. §1332 have been met.

15. Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, an application to confirm an arbitration award may be made in the United States court for the district where the award was

made. Because the arbitration award was rendered in Maryland, and Choice has established diversity jurisdiction, this Court is the proper venue to hear Choice's application to confirm the award. Moreover, the arbitrator in the underlying arbitration determined that a valid contract existed between the parties providing for arbitration, that the dispute was properly submitted to AAA for resolution by way of arbitration as it pertained to a matter arising from the Membership Agreement in accordance with the Arbitration Agreement. The arbitration was conducted pursuant to the parties' Arbitration Agreement under Maryland law and in accordance with Commercial Rules of the AAA. An award was rendered in favor of Choice against Defendants in Maryland. The parties' arbitration agreement provides, "Judgment on the arbitration award may be entered in any court having jurisdiction." *See* Pl. Ex. 1. Therefore, this Court is the proper venue for confirmation of and entry of judgment upon the underlying arbitration award.

16.     Defendants have not sought to challenge, modify, or vacate the arbitration award.

17.     Plaintiff is entitled to confirmation of the arbitration award and entry of judgment thereupon pursuant to 9 U.S.C. §§9 and 13.

WHEREFORE, in light of the foregoing, Plaintiff Choice Hotels International, Inc., respectfully requests that this Honorable Court confirm the Arbitration Award submitted as Plaintiff's Ex. 2 herewith and enter judgment in favor of Plaintiff and against Defendants 611 Degraw, LLC, Alec Shtromandel and Daren Herzberg, individually, jointly and severally, in the amount of $400,199.55, plus post-judgment interest until paid, and $405.00 for the costs of this action.

Respectfully submitted,

CHOICE HOTELS INTERNATIONAL, INC.

By: _____/s/_____
Janna A. Sakla, Esq.
915 Meeting St., Suite 600
North Bethesda, MD 20852
301-628-5854
janna.sakla@choicehotels.com

Counsel for Choice Hotels International, Inc.

## GROUNDS AND AUTHORITIES IN SUPPORT OF AMENDED APPLICATION TO CONFIRM ARBITRATION AWARD

1. The Federal Arbitration Act, 9 U.S.C. §§9, 13;

2. 28 U.S.C. §1332

3. The documents referred to herein and submitted in this matter.

_____/s/_____
Janna A. Sakla, Esq.